IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES STATEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-270-GPM |
| | ) |
| LT. JONES and OFFICER WELLS, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court has broad inherent power to screen and dismiss a frivolous complaint. *See Mallard v. United States Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989); *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Rhinehart v. Stauffer*, 638 F.2d 1169, 1171 (9th Cir. 1980); *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974). Plaintiff James Staten, who is proceeding pro se, alleges that on March 5, 2011, while he was in the custody of the police department of the city of Belleville, Illinois, Defendant Lt. Jones, a Belleville policeman, ordered Staten to vacate his cell in the holding area of the Belleville police station. Apparently Staten has no dry clothing to wear at the time and was forced to wait in the cold lobby of the police station until his clothes were dry before leaving the station. The Court construes Staten's complaint as brought pursuant to 42 U.S.C. § 1983, which creates a private civil remedy for damages for deprivations of constitutional rights by persons acting under color of state law. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994)); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994).

With respect to Defendant Officer Wells, Staten's complaint is devoid of substantive allegations of wrongdoing by Wells. However, 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Correspondingly, a Section 1983 plaintiff must make allegations that "associate specific defendants with specific claims . . . so [the] defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003)). Said differently, a Section 1983 plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of a complaint. *Allen v. Feinerman*, Civil No. 07-cv-805-MJR, 2009 WL 90118, at *2 (S.D. Ill. Jan. 14, 2009) (quoting *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Staten's complaint states no claim against Wells.

Concerning Staten's allegations against Jones, under the Fourteenth Amendment prison officials have a duty to provide pretrial detainees with humane conditions of confinement, including adequate food, clothing, shelter, and medical care. *See Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). When considering a pretrial detainee's constitutional challenge to the conditions of his or her confinement, a court may look to the standards of Eighth Amendment jurisprudence. *See Higgins v. Correctional Med. Servs. of Ill., Inc.*, 178 F.3d 508, 511 (7th Cir. 1999); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). In order to establish a claim for inhumane conditions of confinement, a prisoner

must show: (1) a challenged condition of confinement is objectively serious; and (2) a prison official possessed a sufficiently culpable state of mind, that is, the official acted with "deliberate indifference" to the prisoner's health or safety. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citing *Farmer*, 511 U.S. at 834). With respect to the first prong of the test, it is well settled that prisoners "have a right to protection from extreme cold." *Webb v. Randle*, Civil No. 10-470-GPM, 2011 WL 678815, at *2 (S.D. Ill. Feb. 16, 2011) (quoting *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996)). To assess whether cold temperatures constitute a constitutional deprivation, courts consider "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997).

Staten's exposure to moderate cold for at most a few hours does not rise to the level of a constitutional deprivation, particularly where Staten does not allege that he was required to endure other uncomfortable conditions in addition to the cold. *See Cherry v. Frank*, No. 03-C-129-C, 2003 WL 23218425, at *6 (W.D. Wis. Apr. 25, 2003) (a prisoner's allegations that he was confined naked in an "ice cold" cell for three-and-a-half hours did not show a constitutional violation). Also, Staten's allegations do not establish that Jones acted with deliberate indifference to Staten's health and safety. "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing' . . . . [D]eliberate indifference is 'essentially a criminal recklessness standard, that is, ignoring a known risk.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon*, 163 F.3d at 988). Thus, a prison official's conduct "is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, 'the defendant must have

known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)) (brackets and quotation omitted). At best Staten's allegations suggest that Jones may have been negligent in ordering Staten to vacate his cell before his, Staten's, clothing was dry. However, "[n]egligence on the part of an official does not violate the Constitution[.]" *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). The Court finds that Staten's complaint is due to be dismissed.[1]

To conclude, this case is **DISMISSED with prejudice** as frivolous. The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: April 12, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

1. To the extent Staten alleges that he was wrongfully deprived of property as a result of Jones's conduct, a deprivation of property does not rise to the level of a Fourteenth Amendment violation where a plaintiff has an adequate post-deprivation remedy. *See Easter House v. Felder*, 910 F.2d 1387, 1396 (7th Cir. 1990). Staten has a post-deprivation remedy in the form of an action for conversion. *See, e.g., Heimberger v. Village of Chebanse*, 463 N.E.2d 1368, 1371-72 (Ill. App. Ct. 1984). Finally, to the extent Staten is attempting to allege a violation of his Fourteenth Amendment right to equal protection of the laws, Staten alleges that he is black, but he does not allege that white prisoners in the custody of the Belleville police received better treatment than he received. *See, e.g., Harris v. Greer*, 750 F.2d 617, 618 (7th Cir. 1984) (an equal protection claim requires a showing of intentional or purposeful discrimination against persons in a protected class, such as a racial group, and that persons outside the class received better treatment than did members of the class).